John Bettendorf, Plaintiff-Appellant,

v.

St. Croix County, Defendant-Respondent.

Court of Appeals

*No. 2007AP2329. Submitted on briefs April 29, 2008. —Decided May 20, 2008.*

2008 WI App 97

(Also reported in 754 N.W.2d 528.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Matthew A. Biegert* of *Doar Drill, S.C.* of New Richmond.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Gregory A. Timmerman*, corporation counsel, of Hudson.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J. John Bettendorf appeals a circuit court judgment entered following remittitur from this court, arguing the circuit court erred in refusing to hear additional arguments after the case was returned. Because we conclude the court appropriately applied our decision, we affirm.

## Background

¶ 2. Bettendorf owns a parcel of land in the Town of Kinnickinnic in St. Croix County. This parcel was initially zoned agricultural-residential. In 1985, the county board enacted ST. CROIX COUNTY, WIS., ORDINANCE No. 108(85) (1985), which rezoned the parcel into commercial property. The ordinance read:

NOW THEREFORE, BE IT ORDAINED, that the Comprehensive Planning, Zoning, and Parks Committee recommends approval for the rezonement to Commercial from Ag-Residential the following:

A parcel of land located in the NE¼ of the NE¼ of Section 19, T28N-R18W, Town of Kinnickinnic.

*This [is] only for John D. Bettendorf's use and is not assignable.* (Emphasis added.)

In December 1990, Bettendorf applied for and received a special exception permit, which was granted without conditions on its transfer.[1] Bettendorf sought the permit so he could operate a business on the property.

¶ 3. In 2004, Bettendorf, who wanted to sell the property and business, sought a declaratory judgment that the rezoning for one person's use was beyond the board's power. He also asserted the contingency that the rezoning "is not assignable" was severable and should be stricken, leaving the property zoned commercial but without the transfer limitation. Bettendorf further sought a declaration that his special exception permit was valid and transferable, and that the lack of transfer limitation superseded the restriction in the ordinance. In other words, Bettendorf believed the permit's lack of assignability limits meant he could sell the permit with the property, giving new owners the same permission he had to operate a business on the parcel.

¶ 4. The County admitted the rezoning had been beyond its power but affirmatively alleged that the ordinance was not severable, rendering the entire ordinance void from the date of enactment. Further, because a special exception permit must be consistent with the underlying zoning of a parcel, the County contended voiding the ordinance would invalidate the permit. The County also raised a handful of other affirmative defenses, including various estoppel theories, and brought a forfeiture counterclaim arguing

[1] Throughout the proceedings, "special exception permit" has been used interchangeably with "conditional use permit." For consistency, we use only the term "special exception permit."

Bettendorf was in violation of the zoning regulations since the date the invalid ordinance was enacted. Bettendorf responded to the counterclaim, raising several affirmative defenses, including an argument that his use was grandfathered in and that the County was estopped from challenging the ordinance.

¶ 5. Both sides moved for summary judgment. Bettendorf argued the court should strike the invalid part of the ordinance and give effect to the remainder and, further, should hold the special exception permit superseded the ordinance, making the permit transferrable with the property. The County argued the court should hold the ordinance was not severable. Bettendorf's response reiterated his initial arguments and sought dismissal of the County's counterclaim.

¶ 6. The court granted Bettendorf's motion and struck the portion of ORDINANCE 108(85) referring to Bettendorf and limiting assignment. The court stated the remainder of the ordinance was valid. The court partially based its determination on a separate zoning ordinance that supported severability whenever possible. The court also held that because the ordinance was valid as modified, the special exception permit was consistent with the zoning and therefore valid. Further, the court reasoned the permit should run with the property, not the owner, and was transferrable. The court also dismissed the counterclaim.

¶ 7. After the court entered judgment, the County sent a letter objecting, stating the court had not completely addressed all the issues, making the judgment premature. However, the County withdrew all remaining claims so that the court's order could be considered final, and the County took its appeal as a matter of right.

¶ 8. We reversed. *See Bettendorf v. St. Croix County*, No. 2005AP1286, unpublished slip op. (WI App Aug. 24, 2006). We concluded that, the severability ordinance notwithstanding, the county board had clearly intended to rezone Bettendorf's lot only for him and would never have enacted the rezoning otherwise. Therefore, we concluded the provision was not severable and ORDINANCE 108(85) was entirely void. *Bettendorf*, No. 2005AP1286, unpublished slip op. ¶ 15.

¶ 9. We rejected Bettendorf's argument that even if the ordinance were deemed invalid, the special exception permit still permitted the business and could be transferred without limitation. We instead agreed with the County that because the ordinance was invalid, the zoning reverted to the agricultural-residential designation and a special exception permit allowing a business would be inconsistent with that zoning. Thus, Bettendorf's permit necessarily was invalid once the ordinance was voided. *Id.*, ¶ 16. Accordingly, we reversed the court's judgment and order.

¶ 10. Bettendorf petitioned the supreme court for review arguing, among other things, that we had exceeded the scope of our review by addressing the permit's validity. He contended the sole issue on appeal was severability. The supreme court declined to grant the petition for review. Upon remittitur, the circuit court entered a new judgment granting summary judgment to the County. The judgment stated that ORDINANCE 108(85) had been void from the date of enactment and the special exception permit was therefore invalid. Bettendorf appeals, arguing there are outstanding factual issues on his affirmative defenses.

### Discussion

¶ 11. The procedural history before us is unique. Bettendorf is, in essence, challenging the fact that the court did not conduct further proceedings following remittitur. But we did not remand for further proceedings, only correction of the judgment.

¶ 12. While Bettendorf asserts factual issues remain, he ignores the procedural history. The County withdrew all claims other than the decided questions of severability and the permit's validity. The parties filed cross-motions for summary judgment on the severability issue. This has the effect of leaving only issues of law. *See Selzer v. Brunsell Bros.*, 2002 WI App 232, ¶ 11, 257 Wis. 2d 809, 652 N.W.2d 806. Thus, we decided that the ordinance was invalid as a matter of law, not as a question of fact. The special exception permit necessarily came before us when Bettendorf invoked it as an alternate basis for affirmation.

¶ 13. Ultimately, Bettendorf is attempting to appeal his appeal, but he cites no authority permitting us to revisit that initial determination. The County took its appeal as a matter of right from a judgment determining that a portion of ORDINANCE 108(85) was severable and determining the special exception permit was valid and transferable. The parties addressed the severability issue and the permit's validity. We concluded the circuit court was in error and reversed. The court entered a new judgment in conformity with our decision. We were never asked to reconsider our decision, other than indirectly by the petition for review. Any perceived error in our prior reasoning could have been brought to our attention before now. Bettendorf also does not demonstrate that he asked the circuit court for further proceedings upon remittitur, or for reconsidera-

tion of its new order in light of his belief there were issues yet to be addressed. The circuit court correctly entered a new judgment in conformity with our prior opinion: further proceedings were unnecessary to resolve the legal questions.

¶ 14. Although we resolve this issue in the County's favor, we take issue with its brief. We understand corporation counsel's obvious frustration over repeated litigation with Bettendorf, particularly in light of the fact situation in this case. But corporation counsel's brief contains a collection of attacks against Bettendorf's attorney[2] that are nothing more than unfounded, mean-spirited slurs. Given corporation counsel's grievances against Bettendorf's attorney, such hyperbole is, at the very least, ironic.

¶ 15. Contending that appellant's recitation of the facts is misleading is not an uncommon accusation from respondents. However, corporation counsel goes beyond noting this perceived misrepresentation and complains that opposing counsel's "desire to serve his self-interest is excessive. With apparent hubris, he mocks and insults this court and the appellate system with this approach and this appeal." Corporation counsel then comments: "Creating facts creates a false reality. Bettendorf['s attorney] needs a false reality to maintain this appeal."

¶ 16. To refute counsel's contention that this court exceeded its authority on review, corporation counsel notes that Bettendorf's attorney "goes beyond what I could conceive anyone doing. He doesn't push the envelope, he totally shreds it." Corporation counsel

---

[2] Corporation counsel actually refers to Bettendorf, not the attorney, in his brief, after noting that his "understanding of protocol" prevents him from referring directly to the attorney by name.

also asserts counsel's "rant is factually baseless . . . . The rest of his argument in this regard is the same ranting." Corporation counsel then cites *Alice in Wonderland* by Lewis Carroll, to less-than-persuasive effect, and summarizes this appeal as having a "farcical theme."

¶ 17. "A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, *other lawyers* and public officials." (Emphasis added.) PREAMBLE, SCR ch. 20 (2005–06). "The advocate's function is to present evidence and argument so that the cause may be decided according to law . . . . An advocate can present the cause, protect the record for subsequent review and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics."[3] COMMENT, SCR 20:3.5 (2005–06). In the instant case, we view corporation counsel's belligerence to be unwarranted and inappropriate.

*By the Court.*—Judgment affirmed.

[3] We thus appreciate Bettendorf's attorney's professionalism and restraint, demonstrated by his refusal to turn his reply brief into a similar set of attacks.